# W. P. CASEY v. ILLINOIS CENTRAL RAILROAD COMPANY.[1]

## July 14, 1916.

## Nos. 19,884—(243).

**Master and servant — assumption of risk — charge to jury.**

In this personal injury action, the verdict was for the defendant. It is *held* that there was no prejudicial error in the instructions to the jury, considering the charge as a whole.

Action in the district court for Freeborn county to recover $21,300 for personal injury while in the employ of defendant as freight conductor. The case was tried before Kingsley, J., who when plaintiff rested denied defendant's motion to dismiss the action, and a jury which re-

[1]Reported in 158 N. W. 812.

Note.—As to constitutionality, application and effect of the Federal Employer's Liability Act, see notes in 47 L.R.A.(N.S.) 38, L.R.A. 1915C, 47.

turned a verdict in favor of defendant. From an order denying his motion for a new trial, plaintiff appealed. Affirmed.

*T. D. Sheehan, Thomas D. Schall* and *D. C. Thayer,* for appellant.

*Charles C. Leforgee, Catherwood & Nicholsen, Blewell Lee* and *Walter S. Horton,* for respondent.

BUNN, J.

The jury in this personal injury case returned a verdict for the defendant. The appeal is by plaintiff from an order denying a new trial.

The action was brought under the Federal Employer's Liability Act.[1]

Plaintiff was the conductor on a freight train of defendant running from Freeport, Illinois, to Madison, Wisconsin. On the day of the accident the train had reached Monroe, Wisconsin. Three cars loaded with coal were to be delivered to industries along a spur track that led from the main line. This work was done, as was the custom, by the train crew, with plaintiff in charge as conductor. The spur track was over a half-mile in length, and the loaded cars with two others were pushed ahead of the engine. Plaintiff and one of the brakemen were riding on top of the head car, the other brakeman on top of the car next to the engine. In going around a sharp reverse curve in the spur track, the head car and the one behind it left the track. The head car was overturned, and plaintiff jumped or fell to the ground and sustained the injuries for which he seeks compensation in this action.

The sole charge of negligence was a defective condition of the track at the point of the accident. This issue was submitted to the jury, and no complaint is made by plaintiff either as to the manner of its submission or as to the evidence not being sufficient to sustain a verdict for defendant on this issue. The grounds upon which plaintiff asks for a reversal consist wholly of alleged errors in the court's charge.

The trial court instructed the jury that, if the train was being operated on the spur at a high and dangerous rate of speed and that this fact caused or contributed to the accident, plaintiff, being in charge of the train and its speed, assumed the risk of injury from such excessive speed and in that case could not recover. It is first claimed that the evi-

dence did not warrant submitting to the jury the question of excessive speed. The next claim is that the court erred in treating the question of excessive speed under the head of assumption of risk.

1. We think that there was sufficient evidence of excessive speed to warrant submitting this question to the jury. It is true that plaintiff, and the brakeman who was injured in the accident and had brought a suit against defendant, gave their opinions that the speed did not exceed seven miles an hour. It is also true that the other members of the train crew were not called as witnesses by defendant. But the testimony of witnesses as to the speed of a train or other moving object is opinion evidence, never conclusive and often very unsatisfactory, especially when the witnesses are interested in the result. There was testimony from the roadmaster of defendant that a train could be operated over this track in perfect safety at any speed up to 15 miles per hour, and quite persuasive evidence that the rails did not spread, but that the cars climbed them. The distance that the cars went after the stop signal was given, at first riding the rails and then bumping along the ties and on the ground, is evidence of speed that is not to be disregarded. The evidence not only justified the submission to the jury of the question of excessive speed, but it warranted a finding that this was the cause of the cars leaving the track. Indeed, it is very doubtful if we could sustain a verdict finding that there was negligence of defendant in the respect claimed.

2. Contributory negligence was not a bar to recovery in this case. Assumption of risk was. It is strenuously argued by counsel for plaintiff that the trial court committed prejudicial error in instructing the jury that if plaintiff, as conductor having control of the speed of the train, permitted it to run at a high and dangerous rate of speed, he assumed the risk, and could not recover. The claim is that this would be contributory negligence, not assumption of risk. The distinctions between contributory negligence and assumption of risk have often been pointed out, but there is and probably always will be confusion on the subject, due to the fact that the same conduct may be evidence of contributory negligence and evidence of assumption of risk. We will not go into the distinctions here, further than to say again that contributory negligence involves the notion of carelessness, of some fault or breach of duty, while assumption of risk may be free from any suggestion of fault or negligence.

Seaboard Air Line Railway v. Horton, 233 U. S. 492, 34 Sup. Ct. 635, 58 L. ed. 1062, L.R.A. 1915C, 1, Ann. Cas. 1915B, 475; Rase v. Minneapolis, St. P. &. S. S. M. Ry. Co. 107 Minn. 260, 120 N. W. 360, 21 L.R.A.(N.S.) 138. We are disposed to think that the instruction, considered by itself, without reference to the rest of the charge, was erroneous. It omitted the element of plaintiff's knowledge of a defect in the track. But the court told the jury in unmistakable terms that there was no evidence that plaintiff knew that the roadbed was in a defective condition at the point where the car was derailed, and that, if it was in such a condition and that was the cause of the accident, he did not assume the risk. In other words the jury was instructed that plaintiff did not assume the risk of injury from the negligence of defendant claimed as the basis of its liability. This amounted to an instruction that plaintiff could recover if defendant's negligence caused the accident, but otherwise not. Of course this was correct. It would have been better not to have brought assumption of risk into the case at all, as we really see no evidence to make the doctrine applicable, but we do not see how the jury could have been misled or confused to plaintiff's prejudice. The charge as a whole was eminently fair, and the jury must have understood that the question of defendant's liability depended solely on whether the evidence justified the charge of negligence made against it. There was no claim of defects in the cars or engine, or in any of the appliances, no claim that it was negligence to have the sharp curve in the spur track. Doubtless the jury found that the rails and ties at the point where the cars left the track were in good condition, and that the accident was caused by running the train at an excessive speed and without coupling the air. In other words, that defendant was not negligent and that the accident was caused by plaintiff's negligence.

Order affirmed.